UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**SECURITIES AND EXCHANGE COMMISSION,**

**Plaintiff,**

**-vs-** **Case No. 6:06-cv-137-Orl-19KRS**

**EDWARD S. DIGGES, JR., NEXSTAR COMMUNICATIONS, LLC, TMT EQUIPMENT COMPANY, LLC, TMT MANAGEMENT GROUP, LLC, POSA, LLC, POSA TMT, LLC, TELEVEST COMMUNICATIONS, LLC, TELEVEST GROUP, LLC, SPIN DRIFT, LLC,**

**Defendants.**

---

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT, EDWARD S. DIGGES, JR.'S, PRO SE MOTION TO SET ASIDE ENTRY OF DEFAULT (Doc. No. 71)** |
| **FILED:** | **August 25, 2006** |

Defendant Edward S. Digges moves to set aside the entry of default against him. Doc. No. 71. Plaintiff Securities and Exchange Commission (SEC) filed a response in opposition to the motion. Doc. No. 77. Digges requested leave to file a reply brief, doc. no. 81, which was granted, doc. no. 85. He has now filed his reply, doc. no. 91, and the matter is ripe for review.

## I. PROCEDURAL HISTORY.

On February 2, 2006, the SEC filed a complaint seeking injunctive relief, disgorgement, and penalties for alleged violations of the securities laws against Digges, a former attorney, and various entities controlled by Digges. Doc. No. 1. The same day, the SEC filed an emergency motion for a temporary restraining order. Doc. No. 2.

On February 9, 2006, counsel for the SEC filed a document entitled Acceptance of Service of Process on Behalf of Defendants signed by Attorney Gerard P. Martin. In this document, Martin wrote that "he has been retained as counsel for Defendants in this matter." Doc. No. 9. The Court considered this as a notice of appearance by Attorney Martin as counsel for the defendants. *See* Doc. No. 43.

On February 14, 2006, the SEC filed a document signed by Digges on behalf of himself and the defendant entities that consented to the entry of a restraining order. Doc. No. 13. This document indicated that "this Consent resolves only certain of the claims asserted against Defendants in this civil proceeding. Other claims remain to be resolved in this case." *Id*. Ex. 1 ¶ 9. The Court then entered an order that, among other things, permanently enjoined Digges and the defendant entities from violating the securities laws, froze the assets of Digges and the defendant entities, and appointed a receiver for the defendant entities.[1] Doc. No. 15.

On March 30, 2006, the SEC moved for the entry of clerk's default against Digges and the defendant entities. Doc. No. 20. Default was entered on April 4, 2006. Doc. No. 22.

---

[1] The Receiver filed a separate action against Digges, other entities controlled by Digges, and persons, including some of Digges's family, alleged to have participated in the alleged securities violations. *Silver v. Digges*, Case No. 6:06-cv-290-Orl-19KRS.

On April 21, 2006, Digges filed a *pro se* motion to set aside the default. Doc. No. 25. He also filed a *pro se* answer. Doc. No. 27. The Honorable Patricia C. Fawsett, presiding district judge, advised Digges that neither he nor the defendant entities could file papers on their own behalf because they were represented by Attorney Martin and ordered that the motion and answer be stricken. Doc. Nos. 43, 61. Subsequently, other attorneys sought to enter limited appearances on behalf of Digges, doc. no. 50, which requests were denied because Attorney Martin remained Digges's counsel of record, doc. no. 61.

Finally, in August 2006, Attorney Martin moved to withdraw from representation of Digges and the defendant entities, doc. nos. 67, 68, which motions were granted, doc. nos. 70, 71. Thereafter, Digges promptly filed the present *pro se* motion to set aside the default. Doc. No. 71. Digges alleges that because the asset freeze has not been lifted, he has been unable to retain counsel. *Id.*

## II. APPLICABLE LAW.

Federal Rule of Civil Procedure 55 governs entry of a default. Under Rule 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Rule 55(c) provides that "[f]or good cause shown the court may set aside an entry of default . . . ."

Good cause under Rule 55(c) "is a mutable standard, varying from situation to situation. It is also a liberal one – but not so elastic as to be devoid of substance." *Compania Interamericana Export-Import, S.A. v. Companie Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996)

(citing *Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir.1989)). The decision to set aside a default rests within the discretion of the district court. Among the factors courts have considered in deciding whether good cause exists to set aside a default are the following"whether the default was culpable or willful, whether setting it aside would prejudice the adversary, . . . whether the defaulting party presents a meritorious defense. . . whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default." *Id*. (citing *Commercial Bank of Kuwait v. Rafidain Bank*, 15 F.3d 238, 243 (2d Cir. 1994); *Robinson v. United States*, 734 F.2d 735, 739 (11th Cir. 1984)). "However, if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief." *Id*. at 951-52.

**III. ANALYSIS.**

As discussed above, based on the consent of the defendants, this Court entered a permanent injunction on some of the claims in this case. However, the consent expressly stated that other matters remained unresolved. This put the SEC on notice that the defendants disputed some of the allegations of the complaint.

Confusion in the litigation began when the SEC filed the document sent to its counsel by Attorney Martin, which document the Court construed as a notice of appearance of counsel for the defendants. As Attorney Martin subsequently told the Court, he sent the document to the SEC only as an indication that he had been authorized to accept service of process for the defendants; he did not intend at that time to enter a notice of appearance on behalf of the defendants with the Court. *See, e.g.,* Doc. No. 64. While the dispute regarding representation continued, Digges

attempted to preserve his right to defend in this case by filing a motion to set aside the default and an answer, which documents were later stricken due to the dispute regarding representation of the defendants.

Under these circumstances, I conclude that Attorney Martin's failure to respond to the complaint in a timely manner does not demonstrate willful disregard of the rules of this Court or culpable neglect. Further, Digges's action in filing an answer and motion to set aside the default while the representation controversy was being resolved shows that he attempted to rectify Attorney Martin's failure to file a response to the complaint. Thus, the present circumstances do not show an intentional or reckless disregard for the judicial proceedings.

The SEC contends that if the entry of default is set aside, "[i]nvestors will suffer immense prejudice . . . because that will force the Receiver to continue litigating this case and the Receiver's resulting fees will reduce any recovery for the investors." Doc. No. 77 at 14. This contention is unpersuasive given the fact that the Receiver has commenced a related action. *Silver v. Digges*, Case No. 6:06-cv-290-Orl-19KRS. Regardless of the ruling on the present motion, that action will continue. Additionally, courts have generally held that the fact that litigation will continue if the default is set aside does not constitute prejudice. *See* 10A Wright & Miller, *Federal Practice and Procedure Civil* § 2699; *see also Sobkowski v. Wyeth, Inc.*, Case No. 5:04-cv-96-OC-10GRJ, 2004 WL 3569703, at *2 (M.D. Fla. June 4, 2004), *aff'd,* 2004 WL 3569702 (M.D. Fla. July 12, 2004).

The parties addressed substantial parts of their arguments to the question of whether Digges has potentially meritorious defenses. These arguments show that the facts are in dispute,

and it would be inappropriate to address the merits of the case without a complete presentation of the parties' evidence.

**IV. RECOMMENDATION.**

For the foregoing reasons, and considering the totality of the circumstances in this case, I conclude that Defendant Edward S. Digges, Jr. has demonstrated good cause for setting aside the default entered against him. Accordingly, I **RESPECTFULLY RECOMMEND** that Defendant Edward S. Digges, Jr's Pro Se Motion To Set Aside Entry of Default, doc. no. 71, be **GRANTED**. I further **RECOMMEND** that the entry of default as to Defendant Edward Digges, Jr., *only* be **VACATED**. Finally, I **RECOMMEND** that Defendant Digges shall file his response to the complaint as a separate document, and not as an attachment to a motion, within eleven days after the Court ruling on this Report and Recommendation. The Clerk of Court is directed to mail a copy of this Report and Recommendation to Digges at his address of record.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on November 9, 2006.

Karla R. Spaulding
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties