# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SECURITIES AND EXCHANGE COMMISSION,**

           **Plaintiff,**

**-vs-**                                       **Case No. 6:06-cv-137-Orl-19KRS**

**EDWARD S. DIGGES, JR., NEXSTAR COMMUNICATIONS, LLC, TMT EQUIPMENT COMPANY, LLC, TMT MANAGEMENT GROUP, LLC, POSA, LLC, POSA TMT, LLC, TELEVEST COMMUNICATIONS, LLC, TELEVEST GROUP, LLC, SPIN DRIFT, LLC,**

           **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**     **RECEIVER'S RENEWED 1ST INTERIM APPLICATION FOR EXPEDITED APPROVAL OF ACCOUNTANT'S FEES AND EXPENSES FROM FEBRUARY 17, 2006 THROUGH MARCH 31, 2007 (Doc. No. 135)**
>
> **FILED:**     **July 6, 2007**

### I. PROCEDURAL HISTORY.

On February 2, 2006, the SEC filed a complaint seeking injunctive relief, disgorgement, and penalties for alleged violations of the securities laws against Digges, a former attorney, and various

entities controlled by Digges. Doc. No. 1. The same day, the SEC filed an emergency motion requesting the imposition of a temporary restraining order and the appointment of a receiver. Doc. No. 2.

On February 14, 2006, the SEC filed a document signed by Digges on behalf of himself and the defendant entities that consented to the entry of a restraining order and the appointment of a receiver. Doc. No. 13. The Court then entered an Order that, among other things, permanently enjoined Digges and the defendant entities from violating the securities laws, froze the assets of Digges and the defendant entities, and appointed a receiver for the other entities. Doc. No. 15.

The Receiver took possession of the books and records of the receivership entities, issued subpoenas to banks holding funds from the receivership entities, and analyzed financial and other records related to the receivership entities. He hired the forensic accountancy firm of Kapila & Company to assist him.

In the present motion, the Receiver renews his request for authorization to pay the accounting professionals' fees and expenses incurred from February 14, 2006 through March 31, 2007, doc. no. 135.[1] In support of motion, the Receiver filed the following documents:

1. The Court's March 15, 2007 Order approving the settlement with Edward Golodetz, EMG Associates, Inc., Gateway I, LLC, and Deborah Golodetz, doc. no. 135-2 (previously docketed as doc. no. 118);

---

[1] The Receiver filed a previous application for approval of the accountants' fees and expenses. Doc. No. 76. I recommended that that motion be denied because "no information [was] provided about the customary hourly rate for the work of individuals with similar training and experience other than the conclusory statement that '[t]he Applicant believes that the compensation sought herein is consistent and similar to other awards in proceedings of this nature.'" Doc. No. 96 at 4 (quoting Doc. No. 76-4 at 12). The Receiver withdrew the motion before my Report and Recommendation was considered by the presiding district judge. Doc. No. 100.

    2.    Kapila & Company's summary of professional and paraprofessional's time expended on this matter from February 17, 2006 through March 31, 2007, doc. no. 153-3;

    3.    Kapila & Company's summary of time expended on tax services and litigation support, doc. no. 153-4;

    4.    Kapila & Company's summary of expenses, doc. no. 153-5;

    5.    Kapila and Company's redacted time sheets for work performed by professionals and paraprofessionals between February 17, 2006 and March 31, 2007 (Kapila Time Sheets), doc. no. 135-6; and

    6.    A list of matters in which Kapila & Company has served as a forensic accountant involving the SEC and FTC, and biographical information about some of Kapila & Company's professionals and employees, doc. no. 135-7.

Plaintiff SEC recommends that the Court grant the motion. Doc. No. 142. As of the writing of this Report and Recommendation, Digges has not responded to the motion.

## II. ANALYSIS.

### A. Fees for Work of Accounting Professionals.

The order of appointment provides that "the Receiver and any person engaged or employed by the Receiver, are entitled to reasonable compensation from the assets of the Receiver Estate, subject to the prior approval of the Court." Doc. No. 15 at 13. Courts have held that a lodestar-style analysis is appropriate in evaluating the reasonableness of fees charged by accountants and other non-attorney professionals. *See, e.g.*, *SEC v. Marker*, No. 1:02CV01109, 2007 WL 2733711 (M.D.N.C. Sept 17, 1007); *In re Computer Learning Centers, Inc.*, 285 B.R. 191, 199 (Bankr. E.D. Va. 2002) ("The same procedure is used to determine a reasonable fee for accountants as attorneys . . . .").

The following summarizes the amounts sought by the Receiver in accountants' fees:

| PROFESSIONAL | YEAR LICENSED/ EXPERIENCE | HOURLY RATE | HOURS WORKED | TOTAL |
|---|---|---|---|---|
| Soneet R. Kapila, Partner, CPA, CIRA, CFE | 1983 | $400/450 | 105.40 | $45,260.00 |
| Lesley J. Johnson, Partner/Tax CPA, CIRA | 1986 | $370 | 2.30 | $851.00 |
| Wayne K. Jahn, Technology Consultant | 22 years | $270 | 25.50 | $6,885.00 |
| Mary M. McMickle, Principal | 1986 | $240/260 | 34.20 | $8,218.00 |
| Melissa Davis, Principal, CPA, CIRA, CFE | 2002 | $220 | 304.80 | $67,056.00 |
| Gina Harris, Tax Consultant, CPA | 1989 | $190 | 60.50 | $11,495.00 |
| Catherine D. Murchison, Forensic Analyst | 32 years | $168 | 634.90 | $106,663.20 |
| Anil Singh, Analyst | 1986 | $150 | 76.30 | $11,445.00 |
| Jeanette T. Piotrowski, Forensic Analyst | 5 years | $130 | 19.00 | $2,470.00 |
| Bianca C. Albanedo, Forensic Analyst | 4 years | $112/120 | 593.05 | $67,333.60 |
| Wanda Y. Vera, Forensic Analyst | 19 years | $100 | 305.00 | $30,500.00 |
| Amy R. Salamone, Forensic Analyst | 3 years | $100 | 25.10 | $2,510.00 |
| Odeli J. Bobbio, Forensic Analyst | 3 years | $100 | 195.40 | $19,540.00 |

| | | | | |
|---|---|---|---|---|
| Jesse Cloyd, Forensic Analyst | intern | $72 | 136.75 | $9,846.00 |
| Ashish Kapila, Forensic Analyst | intern | $70 | 41.75 | $2,922.50 |
| Luz J. Acosta, Forensic Analyst | intern | $40 | 5.00 | $200.00 |
| Robin Allemand, Forensic Analyst | intern | $36 | 83.60 | $3,009.60 |
| **PARAPROFESSIONALS** | | | | |
| Michelle S. Sams | 21 years | $120 | 27.30 | $3,276.00 |
| Christopher F. Roberts | 3 years | $100 | 9.00 | $900.00 |
| Theresa L. Rivers | 20 years | $90 | 11.50 | $1,035.00 |
| **GRAND TOTAL** | | | **2,696.35** | **$401,415.90** |

In the Receiver's application for approval of accountants' fees, he notes that while the accountants have incurred fees totaling $401.415.90, the accountants have agreed to discount those fees by $20,000.00. Doc. No. 135 at 9. Consequently, the Receiver is seeking $381,415.90 in accountants' fees. *Id.*

 1. <u>Reasonable Hourly Rates</u>.

The first step in a lodestar calculation is to determine whether the hourly rates of each professional for whose work fees are sought is reasonable. A reasonable hourly rate is the prevailing rate in the relevant market for individuals of similar skill and experience. The movant bears the burden of establishing this prevailing rate through evidence other than his own affidavit stating his opinion regarding the reasonable rate. Such evidence can include hourly rates awarded in other cases. *Norman v. Hous. Auth.*, 836 F.2d 1292, 1299 (11th Cir. 1988). When the fee petition is insufficient

to establish the reasonable hourly rate, a judge may rely on her own knowledge and experience in determining the rate without benefit of outside evidence. *Id.* at 1303.

I have previously cautioned the Receiver in this case that evidence should be presented to support the hourly rates sought by the accounting professionals. Doc. No. 96 at 4. Despite this admonition, the Receiver submitted only biographies for some of the accounting professionals for whose work fees are sought, and his own opinion that the hourly rates are reasonable. For the reasons discussed above, the Receiver's opinion is insufficient evidence to establish the reasonable hourly rates for accounting professionals in the present case.

The Receiver cites the case of *SEC v. Kirkland*, Case No. 6:06-cv-183-Orl-28KRS, as one in which the Court awarded Kapila and accounting professionals with his firm hourly rates consistent with those sought here. Doc. No. 135 at 16. Upon independent review of the *Kirkland* case, I find no order approving fees to Kapila or other accounting professionals in that case.

I note that in the case of *SEC v. Tel-One, Inc.*, Case No. 8:02-cv-120-T-30TGW, a judge of this Court awarded professional fees to Kapila & Company for accounting work performed to assist a court-appointed receiver. In that case, the Court approved the following hourly rates in the absence of objection:

| | |
|---|---|
| S. Kapila, Partner | $350.00 |
| L. Johnson, Partner | $300.00 |
| C. Murchison, Analyst | $126.00 |
| V. Lake, Analyst | $ 98.00 |
| C. Roberts, Analyst | $ 52.00 |
| M. Sams, Paraprofessional | $ 96.00 |

*Id.* at Doc. No. 221 (approving hourly rates found at Doc. No. 216-3 at 12). Although these hourly rates were awarded for work performed some years ago, they are the best evidence currently available to the Court of reasonable hourly rates for the work of the accounting professionals. Accordingly, I find that these rates are reasonable for these individuals, and for individuals of similar skill and experience.

Thus, I conclude that the reasonable hourly rate for Soneet Kapila, who is a CPA, CIRA and CFE with 24 years of experience, is $350.00. The reasonable hourly rate for Lesley Johnson, who is a CPA and CIRA with 21 years of experience, is $300.00. The reasonable hourly rate for Mary McMickle, a CPA in Texas who has passed tests to become a CIRA with 21 years of experience, is $240.00. The reasonable hourly rate for Melissa Davis, who is a CPA, CIRA and CFE with 5 years of experience, is $220.00. The reasonable hourly rate for Gina Harris, who is a CPA with 18 years of experience, is $190.00.

With respect to the analysts, I conclude that the reasonable hourly rate for Catherine Murchison, who has 32 years of experience, is $126.00. The reasonable hourly rate for Anil Singh, who has 21 years of experience, is also $126.00. The reasonable hourly rate of Wanda Y. Vera, who has 19 years of experience, is $100.00. The reasonable hourly rate of analysts with 3 to 5 years of experience (Piotrowski, Albanedo, Salamone, and Bobbio), is $90.00. And, the reasonable hourly rate of analysts who are interns (Cloyd, Ashish Kapila, Acosta) is $40.00, except for Robin Allemand, for whom only $36.00 per hour is sought.

Finally, with respect to the paraprofessionals, I find that the reasonable hourly rate for Michelle Sams, who has 21 years of experience, is $96.00. The reasonable hourly rate for Therese Rivers, who

has 20 years of experience, is $90.00.  The reasonable hourly rate for Christopher Roberts, who has 3 years of experience, is $52.00.

Fees are also sought for Wayne K. Jahn, Technology Consultant.  The Receiver provided no information about Jahn's skill or experience.  There is no evidence of the reasonable hourly rate for someone with similar skill and experience in the central Florida market.  Accordingly, the Receiver having failed to sustain his burden of establishing a reasonable hourly rate for Jahn, and the Court having insufficient information to determine on its own a reasonable hourly rate for a technology consultant, I recommend that no fees be awarded for Jahn's work.

    2.    <u>Reasonable Number of Hours</u>.

After review of the Kapila Time Sheets, I find that the hours worked are reasonable in the absence of objection, to the extent that the work performed is described.  However, with respect to the following entries, the entire description of the work performed has been redacted.

| Date | Initials | Hours |
|---|---|---|
| 8/15/2006 | CDM | 3.00 |
| 8/16/2006 | CDM | 2.70 |
| 10/10/2006 | CDM | 4.60 |
| 10/11/2006 | CDM | 2.90 |

Because the Court cannot determine whether a reasonable number of hours were spent when the task is not described, I recommend that fees not be awarded for this work.  Catherine Murchison's work will be reduced by 13.2 hours.

3. <u>Lodestar</u>.

Accordingly, I recommend that the Court approve fees for accounting professionals as follows:

| PROFESSIONAL | HOURLY RATE | COMPENSABLE HOURS WORKED | TOTAL |
|---|---|---|---|
| Soneet Kapila | $350.00 | 105.40 | $36,890.00 |
| Lesley Johnson | $300.00 | 2.30 | $690.00 |
| Mary McMickle | $240.00 | 34.20 | $8,208.00 |
| Melissa Davis | $220.00 | 304.80 | $67,056.00 |
| Gina Harris | $190.00 | 60.50 | $11,495.00 |
| Catherine Murchison | $126.00 | 621.70 | $78,334.20 |
| Anil Singh | $126.00 | 76.30 | $9,613.80 |
| Jeanette Piotrowski | $90.00 | 19.00 | $1,710.00 |
| Bianca Albanedo | $90.00 | 593.05 | $53,374.50 |
| Wanda Vera | $100.00 | 305.00 | $30,500.00 |
| Amy Salamone | $90.00 | 25.10 | $2,259.00 |
| Odeli Bobbio | $90.00 | 195.40 | $17,586.00 |
| Jesse Cloyd | $40.00 | 136.75 | $5,470.00 |
| Ashish Kapila | $40.00 | 41.75 | $1,670.00 |
| Luz Acosta | $40.00 | 5.00 | $200.00 |
| Robin Allemand | $36.00 | 83.60 | $3,009.60 |
| **PARAPROFESSIONAL** | | | |
| Michelle Sams | $96.00 | 27.30 | $2,620.80 |
| Christopher Roberts | $52.00 | 9.00 | $468.00 |
| Theresa Rivers | $90.00 | 11.50 | $1,035.00 |
| **GRAND TOTAL** | | | **$332,189.90** |

   *B.*     *Out-of-Pocket Expenses*.

As previously noted, the order of appointment provides that "the Receiver and any person engaged or employed by the Receiver, are entitled to reasonable compensation from the assets of the Receiver Estate, subject to the prior approval of the Court." Doc. No. 15 at 13. Because out-of-pocket expenses represent expenditures actually incurred by the Receiver's accountants, it is reasonable that they should be reimbursed for legitimate, reasonable expenditures. Kapila & Company seeks reimbursement of out-of pocket expenses in the amount of $4,013.72.

The expenses sought by the accountants are reasonable, in the absence of objection. Accordingly, I recommend that Court approve payment of expenses to Kapila & Company in the amount of $4,013.72.

**III.   RECOMMENDATION.**

For the reasons set forth in the foregoing report, I respectfully recommend that the Court **GRANT** in part Receiver's Renewed 1st Interim Application for Expedited Approval of Accountant's Fees and Expenses from February 17, 2006 Through March 31, 2007 (Doc. No. 135) and authorize the Receiver to disburse $332,189.90 in professional fees and $4,013.72 in expenses from the receivership estate to Kapila & Company.

Failure to file written objections to the proposed findings and recommendations contained in

this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 13, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy