UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

-vs-           Case No.  6:06-cv-137-Orl-19KRS

EDWARD S. DIGGES, JR.,  NEXSTAR
COMMUNICATIONS, LLC, TMT
EQUIPMENT COMPANY, LLC, TMT
MANAGEMENT GROUP, LLC, POSA,
LLC, POSA TMT, LLC, TELEVEST
COMMUNICATIONS, LLC, TELEVEST
GROUP, LLC, SPIN DRIFT, LLC,

      Defendants.
_____

REPORT AND RECOMMENDATION

TO THE UNITED STATES DISTRICT COURT

   This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **RECEIVER'S FIRST INTERIM APPLICATION FOR MARYLAND LOCAL COUNSEL'S FEES AND EXPENSES FOR FEBRUARY 24, 2006 THROUGH AUGUST 16, 2007 (Doc. No. 144)** |
| **FILED:** | **August 21, 2007** |

I.    **PROCEDURAL HISTORY.**

The Court is familiar with the procedural history leading to the appointment of a Receiver in this case, so it will not be repeated here.  The Receiver identified assets in Maryland that were fraudulently financed with investor money.  Accordingly, he retained Maryland counsel with the law firm of Wright, Constable & Skeen, LLP (WC&S) to take action to secure those assets.

Among other things, WC&S filed multiple *Notices of Lis Pendens* on real property in Maryland and conducted related real property searches and examination.  WC&S also assisted by preparing and serving subpoenas and notices of depositions to Defendants and nonparties with knowledge of the financial transactions at issue.

The order appointing the Receiver permitted the Receiver to engage professionals to assist him and entitled those professionals "to reasonable compensation from the assets of the Receiver Estate, subject to prior approval of the Court."  Doc. No. 15 at 13.  The Receiver now seeks authorization to pay the fees and costs of WC&S.  In support of the application, the Receiver submitted the following:

1.    Redacted time sheets for work performed by the Receiver's Maryland local counsel (WC&S time sheets), doc. no. 144-2;

2.    Attorney profiles for WC&S professionals (WC&S profiles), doc. no. 144-3; and

3.    Appendix B to the U.S. District Court for the District of Maryland's Local Rules, entitled Rules and Guidelines for Determining Lodestar Attorney's Fees in Civil Rights and Discrimination Cases, doc. no. 144-4.

Plaintiff SEC supported the motion, stating that "the fees and expenses incurred by the Receiver and by the attorneys and accountants engaged by him are reasonable."  Doc. No. 142.  Defendant Digges also does not object to this motion.  Doc. No. 144 at 17.

## II.      STANDARD OF REVIEW.

>  The receiver is an officer of the court, and subject to its directions and orders . . . . [H]e is . . . permitted to obtain counsel for himself, and counsel fees are considered as within the just allowances that may be made by the court. . . . So far as the allowances to counsel are concerned, it is a mere question as to their reasonableness. . . . The compensation is usually determined according to the circumstances of the particular case, and corresponds with the degree of responsibility and business ability required in the management of the affairs intrusted to him, and the perplexity and difficulty involved in that management.

*Stuart v. Boulware*, 133 U.S. 78, 81-82 (1890).

In determining a reasonable fee for a receiver's attorneys, "[a] basic consideration is the nature and complexity of the legal problems confronted and the skill necessary to resolve them." *SEC v. W.L. Moody & Co.*, 374 F. Supp. 465, 485 (S.D. Tex. 1974), *aff'd*, 519 F.2d 1087 (5th Cir. 1975) (hereinafter "*Moody*"). "Although time is a material factor, the difficulty of the job, the expertise necessary to accomplish it, and the results achieved are more significant here." *Id.* at 486.

Many courts begin the analysis with the lodestar approach, which is based on the reasonable hourly rate in the relevant market of the professionals for whom fees are sought and the reasonable number of hours expended. *See, e.g., FTC v. Peoples Credit First, LLC,* No. 8:03cv2353T17TBM, 2005 WL 3981599, at *3 (M.D. Fla. April 19, 2006)(citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)). Claims for professional services must be supported by evidence that the hourly rate is reasonable and commensurate with rates paid for similar services, and that the time expended was reasonable. *See Norman v. Hous. Auth.*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988). Similarly, requests for reimbursement of expenses must be supported by sufficient information for the Court to determine that the expenses are actual and necessary costs of preserving

the estate.  *See Peoples Credit First, LLC*, 2005 WL 3981599 at * 5; *see also In re Southeast Banking Corp.*, 314 B.R. 250, 271 (S.D. Fla. 2004).

**III.    ANALYSIS.**

Three attorneys and one paralegal affiliated with WC&S performed legal services on behalf of the Receiver.  They seek an award of fees in the amount of $12,427.00, and expenses in the amount of $2,237.31.

A.    *Attorneys' Fees*.

1.    Reasonable Hourly Rates.

Howard S. Stevens graduated from law school in 1997 and is a partner at WC&S.  WC&S profiles at 1.  He practices in the areas of construction law, general civil litigation, corporate litigation, and trademark and intellectual property protection.  *Id.*  His usual hourly rate for work similar to that performed in the present action is between $205.00 and $225.00.  Doc. No. 144 at 12.  In this case, he is requesting an hourly rate of $185.00.  *Id.*; WC&S time sheets at 3.

Kenneth F. Davies graduated from law school in 1981 and is a partner at WC&S.  WC&S profiles at 2.  He has a broad practice with specialties in creditor's rights and bankruptcy.  *Id.*  He customarily charges his clients an hourly rate between $250.00 and $275.00.  Doc. No. 144 at 12.  In this action, he is seeking an hourly rate of $230.00.  WC&S time sheets at 16.

Jason R. Potter, an associate at WC&S, graduated law school in 2005.  WC&S profiles at 3.  His areas of practice are construction law and general civil litigation.  *Id.*  His usual hourly rate for work similar to that performed in the present action is $150.00.  Doc. No. 144 at 13.  In this case, he is requesting an hourly rate of $135.00.  *Id.*; WC&S time sheets at 16.

Sharon Philips-Cary is a paralegal at WC&S.  She has worked as a paralegal since 1986, and she obtained an Associates Degree in paralegal studies in 1990.  She has experience in the areas of creditor rights, corporate and general litigation matters.  Doc. No. 144 at 10.  The Receiver's motion indicates that her usual hourly rate is $90.00, but the Receiver is seeking compensation for her work at an hourly rate of $85.00.  Doc. No. 144 at 13.

The Local Rules of the United States District Court for the District of Maryland provide some insight into reasonable hourly rates in that market, albeit in types of cases different from the present case.  Those rules provide for a reasonable hourly rate of $135 to $170 for lawyers admitted to the bar for less than five years; $150 to $225 for lawyers admitted to the bar for five to eight years; $200 to $275 for lawyers admitted to the bar for more than eight years; and $90 per hour for paralegals and law clerks.  Doc. No. 144-4 at 4.  The hourly rates sought for each WC&S professional is well within these ranges.  Accordingly, I find that the hourly rates sought by the Receiver for the work of each of these professionals is reasonable.

2.      <u>Reasonable Number of Hours</u>.

The Receiver submitted time sheets from WC&S describing the work performed by each of the individuals for whom fees are sought.  The time sheets are inadequate to assess the reasonableness of much of the work performed due to the extensive redactions. The Court cannot determine whether a reasonable amount of time was spent on tasks for which the work performed is not sufficiently described.

With respect to work that is described, it appears that Attorney Stevens, who has ten years of experience, was performing clerical and administrative tasks that are not reasonably compensable.

These include telephone calls to Clerks of Court regarding filing fees, coordinating deposition schedules, calendaring depositions, scanning, and coordinating shipping of boxes. *See Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989)("Of course, purely clerical or secretarial tasks should not be billed . . . regardless of who performs them."); *see also Miller v. Kenworth of Dothan, Inc.*, 117 F. Supp. 2d 1247, 1261 (M.D. Ala. 2000).   Attorneys Stevens and Potter include in the time sheets work preparing a retainer letter and fee petition, which is not compensable. *See Moody*, 374 F. Supp. at 490 ("[T]ime and effort spent and expenses incurred in proving fees are not compensable.").

Accordingly, I recommend that the Court find that the work performed for undescribed or insufficiently described tasks, clerical and administrative work, and work performed on fee petitions was not reasonable.

The following work is sufficiently described, albeit in some instances only minimally so, and the hours worked are reasonable for the tasks performed:

| DATE | PERSON | DESCRIPTION | HOURS |
|------|--------|-------------|-------|
| 02/24/06 | HSS | Call with Adam Cizek re: SEC matter; Call with Naill McLauglin re: | 0.10 |
| 02/28/06 | HSS | SEC: Call and e-mails with Clerk of Court and Michael Shafir | 0.50 |
| 03/03/06 | SPC | Revwd Subp[oe]nas and attachment, contacted pps re: rush service, prepared pps forms, Adv in-house courier re: rush service local, etc. | 0.50 |
| 03/06/06 | SPC | Prepared Affidavit of Service on Subp[oe]na | 0.20 |
| 03/07/06 | HSS | Prep. notices of lis pendens, transmittal letters, and civil information coversheets | 1.00 |
| 03/14/06 | HSS | Draft transmittal letter with judgment to Michael Shafir; E-mail Michael Shafir re | 0.20 |

| | | | |
|---|---|---|---|
| 04/06/06 | HSS | Email to Michael Shafir re:          ; Draft letter to attorney Bernstein | 0.20 |
| 05/03/06 | SPC | Recd and revwd summons pkgs | 0.60 |
| 05/11/06 | SPC | Recd and revwd proof of service -adv for efiling | 0.10 |
| 06/13/06 | SPC | Call to Chilham's Resident Agent for service | 0.10 |
| 06/13/06 | SPC | Served Chilham's Resident Agent | 0.50 |
| 06/13/06 | SPC | Prepared proof of Service on Chilham | 0.20 |
| 10/05/06 | HSS | Calls with Jim Silver re:          ; review Digges' Motion for Relief from Injunction; Review exhibits to Motion and | 2.50 |
| 10/12/06 | KFD | Order certified copies of deeds | 0.30 |
| 10/13/06 | SPC | Prepared ltrs for each party to be served, prepared pps forms, copies, call to pps, fax to one party, met w/pps, etc. | 1.80 |
| 10/13/06 | KFD | Telephone title company re    ; telephone    office | 0.40 |
| 10/13/06 | KFD | Follow-up re certified copies | 0.20 |
| 10/15/06 | HSS | Call with Jim in preparation for hearing | 0.60 |
| 11/02/06 | SPC | Recd and revwd pkg from Shafir, prepared Messenger Service Forms, Discussed w/Messenger, copies, etc. | 0.60 |
| 11/06/06 | SPC | Recd and revwd service notice, Prepared Proofs of Service, etc. | 0.40 |
| 11/21/06 | HSS | Review e-mails from Jim and Graham; review motion and deeds | 0.50 |
| 11/22/06 | HSS | Review indemnity deed of trust and referenced deeds; e-mail to Graham, James and Michael | 0.60 |
| 2/27/07 | JRP | Drive to and from status conference in Dorchester County; attend same | 4.70 |
| 2/27/07 | HSS | Call with Jim Silver regarding status conference in Dorchester County | 0.30 |

| 03/01/07 | JRP | Review land records and file | 2.30 |
| 03/08/07 | JRP | Researched and sent local counsel various deeds | 0.70 |
| 03/09/07 | JRP | Sent client additional tax records | 0.50 |
| 3/12/07 | JRP | Review and send client addition deeds and tax records | 0.50 |
| 03/22/07 | JRP | Reviewed lis pendens filings and amended descriptions; drafted amended lis pendens for all counties; emails to client re: status updates | 3.10 |
| 03/23/07 | JRP | Conference call with James Silver and Graham Loomis re: status of case | 0.40 |
| 03/23/07 | JRP | Drafted summary letter to Judge re: status of case; completed amended lis pendens and filed all | 1.70 |
| 05/17/07 | HSS | Call with settlement attorney (Joe McBride); e-mail to Jim Silver | 0.30 |
| 07/23/07 | HSS | Draft status letter to Judge Wilson | 0.50 |
| 08/16/07 | HSS | E-mails with Jim Silver re: status report and revise status letter to court | 0.20 |

3.    Lodestar.

For the foregoing reasons, I respectfully recommend that the lodestar be calculated as follows:

| PROFESSIONAL | HOURLY RATE | COMPENSABLE HOURS WORKED | TOTAL |
|---|---|---|---|
| Howard S. Stevens | $185.00 | 7.5 | $1,387.50 |
| Kenneth F. Davies | $230.00 | 0.9 | $207.00 |
| Jason R. Potter | $135.00 | 13.9 | $1,876.50 |
| Sharon Philips-Cary | $85.00 | 5.0 | $425.00 |
| **GRAND TOTAL** | | | **$3,896.00** |

     *B.       Expenses.*

Maryland counsel seeks reimbursement of $2,237.31 in expenses, which are described in

summary form in the WC&S time sheets.  I presume that these expenses accurately reflect

WC&S's out-of-pocket costs, as seeking compensation in excess of actual costs would be

inappropriate.  *Cf.  Lang v. Reedy Creek Improvement Dist.*, No. 94-cv-693-Orl-19, 1997 WL

809200, at *8-14 (M.D. Fla. Dec. 23, 1997)(finding in a civil rights case that the prevailing party

was entitled to its expenses, sans profit).

     One of the expenses sought is for mileage, apparently for Attorney Potter's trip to

Dorchester County, Maryland for a status conference.  When, as here, the Court has permitted an

attorney to recover fees for travel time, it is inappropriate to also require the receivership to bear

the mileage costs.  *Cf. Peoples Credit First, LLC*, 2005 WL 3981599, at *5 n.12 (including

mileage payments within noncompensable overhead); *see also Lang*, 1997 WL 809200, at *9 n.11

(overhead costs are covered within reasonable hourly rate permitted for attorney's work).

Therefore, I recommend that mileage in the amount of $82.45 not be awarded.

     In the absence of objection, the remaining expenses appear to be reasonably incurred in

furtherance of the work performed.[1]  Therefore, I recommend that the Court authorize the Receiver

to pay these expenses from the receivership estate.

---

[1]  The costs reflect a significant use of overnight delivery services.  I presume based on the
time constraints involved in filing *lis pendens* that such services were reasonably necessary.
However, it is not appropriate to use overnight delivery services on a routine basis when less
costly delivery options are available.  *See Peoples Credit First, LLC*, 2005 WL 3981599, at *5
(requiring the Receiver and his law firm to "cease the routine use of overnight or express mail or
same day couriers except in exceptional circumstances that shall be documented in any subsequent
fee application.").

## III.    RECOMMENDATION.

For the reasons set forth in the foregoing report, I respectfully recommend that the Receiver's First Interim Application for Maryland Local Counsel's Fees and Expenses for February 24, 2006 Through August 16, 2007 (Doc. No. 144) be **GRANTED** in part and **DENIED** in part.  I further recommend that the Court permit the Receiver to pay the law firm of Wright, Constable and Stevens $3,896.00 in attorneys' fees and $2,154.86 in costs from the receivership estate.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 15, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy