**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

SECURITIES AND EXCHANGE
COMMISSION,
                 Plaintiff,

-vs-                                                  Case No. 6:06-cv-137-Orl-31KRS

EDWARD S. DIGGES, JR.,
NEXSTAR COMMUNICATIONS, LLC,
TMT EQUIPMENT COMPANY, LLC,
TMT MANAGEMENT GROUP, LLC,
POSA, LLC, POSA TMT, LLC,
TELEVEST COMMUNICATIONS, LLC,
TELEVEST GROUP, LLC,
SPIN DRIFT, LLC,
                 Defendants,
_____

**FINAL JUDGMENT AS TO DEFENDANT EDWARD S. DIGGES, JR., KBK PARTNERSHIP, LLP AND CHILHAM, LLC**

The Securities and Exchange Commission having filed a Complaint and Edward S. Digges, Jr. ("Defendant" or "Digges") having entered a general appearance; and Defendant, KBK Partnership, LLP ("KBK") and Chilham, LLC ("Chilham") having consented to the Court's jurisdiction over Defendant, KBK and Chilham for purposes of entry of this Final Judgment only; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint and Amended Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

      1. IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that, in accordance with the Consent of Defendant, KBK and Chilham (the "Consent"), the terms of which are incorporated by reference herein, Defendant, KBK and Chilham are liable for disgorgement of $6,000,000,

representing claimed profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $383,746, for a total of $6,383,746 ("the Disgorgement Amount"). Based on the sworn representations in the statements of financial condition submitted by Defendant, KBK, Chilham and Katherine A. Kerr ("Kerr") dated December 18, 2006 (including attachments) as amended on June 25, 2007 (individually, "Statement of Financial Condition" or collectively, "Statements of Financial Condition"), and other documents and information submitted to the Commission and the Court-appointed receiver in this matter ("the Receiver"), however, subject to the provisions in this Final Judgment and the Consent, the Court is not ordering Defendant to pay a civil penalty and payment of all but $1,150,000 of the Disgorgement Amount is waived.

2. IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant, KBK and Chilham shall pay $1,150,000 ("the Judgment Amount") within 30 days of the entry of this Final Judgment or on such other date or dates as provided in the Consent. Payments shall be made in cleared funds to James D. Silver, the Receiver in this action ("Receiver"), and delivered to the Receiver at Carlton Fields, P.A., Bank of America Tower at International Place, 100 S.E. Second Street, Suite 4000, Miami, Florida 33131, or to such other address as the Receiver may designate in writing. Copies of any payments made pursuant to this Final Judgment shall also be sent to counsel for the SEC, addressed as follows: M. Graham Loomis, Securities and Exchange Commission, Atlanta District Office, 3475 Lenox Road, Suite 500, Atlanta, Georgia 30326. In addition to the Commission, the Receiver is authorized to take all actions and pursue all remedies to enforce these payment obligations. By making this payment,

Defendant, KBK, and Chilham relinquish all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant, KBK or Chilham.

3. IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, if the Commission or Receiver determine that any of the representations made or information provided by Defendant, KBK or Chilham to the Commission or the Receiver in their Statements of Financial Condition concerning Defendant's, KBK's or Chilham's assets, income, liabilities, or net worth were fraudulent, knowingly misleading, or inaccurate in any material respect as of the time such representations were made or information given, the Commission and/or the Receiver shall be entitled, at the sole discretion of either of them, and without prior notice to Defendant, KBK or Chilham, to petition the Court for an order requiring Defendant, KBK, and/or Chilham, jointly and severally to pay the unpaid portion of the Disgorgement Amount to the Receiver, and, if applicable, requiring Defendant to pay the maximum civil penalty allowable under the law, subject to the defense described below. In connection with any such petition, the only issue shall be whether the Statements of Financial Condition which are the subject of said petition were fraudulent, knowingly misleading, or inaccurate in any material respect as of the time such representations were made or information was given. In any such petition, the Commission and/or the Receiver shall also be entitled to request entry of an order or orders (I) requiring Defendant, KBK, and/or Chilham to pay funds or assets, (ii) directing the freezing and forfeiture of any assets owned or controlled by Defendant, KBK, and/or Chilham, or in which any of them have an interest, (iii) directing that KBK and/or Chilham be added to the receivership, and (iv) imposing sanctions for contempt of the Court's Final Judgment. The foregoing remedies shall be in addition to and not to the exclusion of any and all other remedies that may be available to the Commission

and the Receiver. The Commission and the Receiver shall also be entitled to obtain additional discovery. Defendant, KBK or Chilham may not, by way of defense to such petition: (1) challenge the validity of this Consent or the Final Judgment; (2) contest the allegations in the complaint or the amended complaint; (3) assert that payment of the Disgorgement Amount or post-judgment interest, or a civil penalty should not be ordered; (4) contest the amount of disgorgement or pre-judgment or post-judgment interest; (5) contest the imposition of the maximum civil penalty allowable under the law against Digges; (6) assert any defense to liability or remedy, including but not limited to any statute of limitations defense; or, (7) contest the standing or right of the Receiver to pursue and enforce such remedies.

Notwithstanding the foregoing, it is further ordered, adjudged, and decreed that it shall be a defense by Defendant, KBK, or Chilham to such a petition and the imposition of a civil penalty that the values assigned to the assets and real property referenced in the Statements of Financial Condition were derived from good faith estimates of their value as of the date the Financial Statements were prepared and provided to the Commission and the Receiver, or that any material inaccuracy as to the estimated value of assets listed was the result of unintentional and good faith error, mistake or inadvertence.

4. IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, if the $1,150,000 is not fully paid in cleared funds within 30 days after the entry of this Final Judgment, or such other dates as provided for in the Consent, the Commission and/or the Receiver shall be entitled, at the sole discretion of either of them, and without prior notice to Defendant, KBK or Chilham, to petition the Court for, and shall be entitled to entry of an order requiring Defendant, KBK or Chilham, jointly and severally, to pay the unpaid portion of the Disgorgement Amount to

the Receiver, and, as to the Commission, requiring Defendant to pay the maximum civil penalty allowable under the law. In connection with any such petition, the only issue shall be whether the $1,150,000 Judgment Amount was timely paid with good funds. In any such petition, the Commission and/or the Receiver shall also be entitled to entry of an order or orders (I) requiring Defendant, KBK and/or Chilham to pay funds or assets, (ii) directing the freezing and forfeiture of any assets owned or controlled by Defendant, KBK and/or Chilham, or in which any of them have an interest, (iii) directing that KBK and/or Chilham be added to the receivership, and (iv) imposing sanctions for contempt of the Court's Final Judgment. The foregoing remedies shall be in addition to and not to the exclusion of any and all other remedies that may be available to the Commission and the Receiver. The Commission and the Receiver shall also be entitled to obtain additional discovery. Defendant, KBK or Chilham may not, by way of defense to such petition: (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the complaint or the amended complaint; (3) assert that payment of Disgorgement Amount or post-judgment interest, or a civil penalty should not be ordered; (4) contest the amount of the Disgorgement Amount or post-judgment interest; (5) contest the imposition of the maximum civil penalty allowable under the law; (6) assert any defense to liability or remedy, including but not limited to any statute of limitations defense; or, (7) contest the standing or right of the Receiver to pursue and enforce such remedies.

5. IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant, KBK and Chilham shall comply with all of the undertakings and agreements set forth therein.

6. IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Chilham and its

principals may obtain a mortgage against the 21.11 acres at the intersection of Allegheny Avenue and Crain Highway, La Plata, Charles County Maryland, and commonly known as (1) Tax Map 108, Parcel 69, (2) Parcel 2 Jamestown Subdivision, Tax Map 108, Parcel 69, and (3) Tax Map 108, Parcel 78 ("the LaPlata Parcels"), provided that the proceeds of any such mortgage, lien or encumbrance are first used to satisfy fully the Judgment Amount. No portion of the proceeds from the foregoing mortgage loan can be paid out, used or disbursed until the full Judgment Amount has been paid to the Receiver in cleared funds. Defendant, KBK and Chilham shall not mortgage, pledge, hypothecate, sell or otherwise transfer any real estate or other property, real or personal, in which they or any of them own, control, or have any interest, pending full payment in cleared funds of the Judgment Amount.

7. IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Chilham and its principals shall provide a copy of this Final Judgment to the financial institution or other person or entity from whom Chilham obtains the mortgage referred to in paragraph VI above ("the Lender"). The Lender shall first pay the Judgment Amount to the Receiver or an escrow agent consented to by the Receiver and the Commission in writing, before disbursing any other loan or mortgage proceeds to any other party.

8. IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment and for purposes of administering the Receivership in this matter and all matters ancillary, supplemental or related thereto.

9. IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that within three (3) days of payment of the Settlement Amount in cleared funds to the Receiver pursuant to the terms

hereof, the Receiver shall file a notice with the Court notifying it of the Receiver's receipt of said payment, at which time the asset freeze set forth in section IV of the Order entered in this action on February 15, 2006 (the "Asset Freeze") shall terminate and be of no further force and effect as to the parties hereto. Notwithstanding the foregoing, there shall be no termination of the Asset Freeze and related provisions as to any assets of the entities in the receivership.

10. There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on December 18, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party